UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID M. MICHAUD,

       Petitioner,

v.                                                                      Case No. 8:03-cv-2657-T-23TGW

JAMES V. CROSBY, JR.,

       Respondent.

_____/

## O R D E R

Michaud petitions for the writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 2) and challenges his conviction for first degree murder and burglary, for which offenses he was sentenced to life imprisonment in 1984.  The petition was dismissed as time-barred (Doc. 4), but the action was re-opened (Doc. 7) in response to Michaud's argument (Doc. 6) that his mental incapacity tolled the limitations period.  The respondent argues (Doc. 14) that Michaud is not entitled to equitable tolling based on mental incapacity.  At Michaud's request, the respondent expanded the record to include many of Michaud's mental health records (Doc. 22).  Michaud argues that based on the expanded record, he is entitled to equitable tolling.  Having considered the arguments of the parties and reviewed the record, this court concludes that Michaud is not entitled to equitable tolling.

In 1984, Michaud pled guilty and was sentenced to life imprisonment without the possibility of parole for twenty-five years.  He did not appeal.  In the early 1990's his request for an out-of-time appeal was rejected.  The federal limitations period commenced

in April of 1996 (upon enactment of the Anti-Terrorism and Effective Death Penalty Act) and expired in April of 1997.  Michaud did not commence a state post-conviction proceeding until December of 1997, after expiration of the limitations period.[1]  Michaud recognizes that his petition is untimely.

Michaud argues that he is entitled to equitable tolling of the limitations period because of his mental incapacity.   Michaud has the burden of proving that he is entitled to equitable tolling.  *Jones v. United States*, 304 F.3d 1035, 1040 (11th Cir. 2002), *cert. denied*, 538 U.S. 947 (2003).  He must also show that he has acted with due diligence.

> Under long-established principles, petitioner's lack of diligence precludes equity's operation.  *See Irwin v. Department of Veterans Affairs,* [498 U.S. 89] 96 [1990]; *McQuiddy v. Ware*, 20 Wall. 14, 19, 22 L.Ed. 311 (1874) ("Equity always refuses to interfere where there has been gross laches in the prosecution of rights").

*Pace v. DiGuglielmo*, ___ U.S. ___, 125 S.Ct. 1807, 1815 (2005).  *Accord Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999)("Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.").

Mental illness has been recognized as a possible basis for claiming equitable tolling, but proving entitlement to equitable tolling based on mental illness is very fact specific.  *See, e.g., Boos v. Runyon*, 201 F.3d 178 (2nd Cir. 2000); *Biester v. Midwest Health Serv., Inc.*, 77 F.3d 1264 (10th Cir. 1996); and *Miller v. Runyon*, 77 F.3d 189 (7th Cir. 1995).

---

[1]  Michaud challenged the validity of his convictions and sentences in several state proceedings, but Michaud cannot claim tolling based on those proceedings and pursuant to 28 U.S.C. § 2244(d)(2) because each proceeding was commenced after expiration of the federal one-year limitation period.  Each proceeding is detailed in the response (Doc. 14 at 5-6).

- 2 -

Michaud has not shown that his mental incapacity precluded him from timely filing his federal petition during the running of the limitations period, April 1996 to April 1997. The only evidence Michaud presents in addition to the expanded record is an affidavit from the inmate law clerk who is assisting Michaud in this action.  That inmate admits that "I'm no doctor," but opines that, based on personal observations, Michaud's behavior is abnormal.  Affidavit of Phillip D. Holland attached to reply (Doc. 23).  The affidavit does not, however, address Michaud's mental capacity during the 1996-97 limitation time period.  Consequently, the only additional evidence Michaud presents is irrelevant to the issue to be decided.

The only evidence before the court regarding Michaud's mental capacity during the relevant period is the expanded record, which shows that Michaud had some psychological problems, *e.g.*, periods of depression, occasional thoughts of suicide, etc. Respondent's Exhibits 109 (April 24, 1996) - 220 (April 15, 1997).  From February 23, 1995 (before commencement of the limitations period), to October 24, 1996 (half way through the limitations period), Michaud's psychological problems were treated while housed in a Transitional Care Unit.  The report issued upon his discharge from that unit showed that he responded very well to prescribed medication.[2]  The expanded record also shows that in

---

[2]  The report issued upon his release contained the following findings:

Upon admission to crisis stabilization unit, the target symptoms identified were depression, anxiety, sleep impairment, [and] appetite loss.  After a reduction in anxiety, Inmate was transferred to transitional care unit for continued observation and management.  At that time, his mental status included a moderately depressed mood. Inmate Michaud continued to display feelings of frustration and disappointment.  The problems identified were: (#152) Suicidal Behaviors and (#113) Depressed Mood.  The long term objectives called for an absence of suicidal behaviors while in transitional care unit.  Inmate Michaud would identify sources of hopelessness and develop strategies for

- 3 -

the months before, during, and after the 1996-97 limitations period, Michaud submitted

several very coherent requests to the prison administration in an effort to obtain

adjustments to his life in prison:[3]  permission to have tarot cards mailed to him

(Respondent's Exhibit 40),[4] the address for the head of chaplain services for the

Department of Corrections (Respondent's Exhibit 41),[5] inquiries to learn how to qualify for

an interstate transfer because his family was moving out of Florida (Respondent's Exhibits

42 & 43),[6] a request to his classification officer in which he explains how he is trying to work

his way out of "close management" and into "general population," which was one of the

---

relieving depression.  Inmate Michaud has made considerable progress.  At no time in his nineteen (19) months of treatment on transitional care unit did he display suicidal behavior.  Inmate Michaud has a positive mood much of the time.  He received emotional support from family and inmates.  Inmate Michaud enjoys helping others and in turn he has become a more resourceful person.  Inmate Michaud is a social being and he responds to interest from others.  His attitude is positive and there is [a] willingness to participate fully in the treatment opportunity.  Inmate Michaud has a tendency toward dependency; however he is now capable of being objective about himself and he knows his strong and weak characteristics.  He has responded well to staff directions and suggestions.  Inmate Michaud is a more open individual emotionally.  He will ask for help as necessary.  On infrequent occasion he is in a depressed mood and pulls away from people.  He experiences nightmares and has problems sleeping.  However, he responds to medication.  Inmate Michaud is an intelligent inmate.  He profits from experience.  His energy level for constructive activity is high.  Helping others is central to his well being.  A work setting in Department of Corrections in which he can do something worthwhile should prove beneficial in controlling his mental health problems.

Respondent's Exhibit 200 at 2.

[3]  The respondent lists many more of Michaud's requests that were submitted after expiration of the limitations period and up to the filing of his federal petition.  See Response (Doc. 14 at 12-15).

[4]  Michaud wrote the request on February 21, 1996, while housed in the Transitional Care Unit and two months before commencement of the limitation period.

[5]  Michaud wrote the request on January 5, 1997, three months after his release from the Transitional Care Unit and during the running of the limitation period.

[6]   Michaud wrote the request in Exhibit 42 on March 6, 1997, during the running of the limitation period, and the request in Exhibit 43 on June 23, 1997, two months after expiration of the limitation period.

- 4 -

requirements to qualify for a transfer (Respondent's Exhibit 44).[7]  These requests show that

Michaud was quite capable of drafting documents he believed would improve his prison life.

Moreover, in Michaud's request for permission to obtain tarot cards (Respondent's Exhibit

40), which was written while confined in the Transitional Care Unit, Michaud specifically

claimed that "my first amendment rights to the constitution (freedom of religion) are being

violated and I am being prejudiced against because of my religious beliefs."  This shows

that Michaud was mentally capable of recognizing a perceived violation of his rights and

that he knew how to seek redress.  Consequently, Michaud has not met his burden of

proving entitlement to equitable tolling due to a lack of mental capacity before expiration of

the one-year limitation period.  Michaud has not presented any relevant evidence that

contradicts the documentary evidence in the expanded record, which was filed by the

respondent at Michaud's request.

     Accordingly, the petition for the writ of habeas corpus (Doc. 1) is **DENIED**.  The clerk

shall enter a judgment against Michaud and **CLOSE** this action.

     ORDERED in Tampa, Florida, on March 30, 2006.

**STEVEN D. MERRYDAY**
**UNITED STATES DISTRICT JUDGE**

SA/ro

---

[7]  Michaud wrote the request on July 6, 1997, less than three months after expiration of the
limitation period.